WILLIAM J. BRYAN, Respondent, *v.* THE UNIVERSITY PUBLISHING COMPANY OF NEW YORK et al., MARTHA W. WILKINSON, Appellant.

To authorize an order under the Code of Civil Procedure (§ 438), directing service of a summons by publication on the ground that defendant is a non-resident, not only is an affidavit of non-residence necessary, but also a verified complaint showing "a sufficient cause of action" against the defendant to be served (Code Civ. Pro. § 439), and that the case is one of which the court may take cognizance.

This action was brought by plaintiff as judgment-creditor of defendant R. The complaint alleged, among other things, that before the commencement of the original action, R. was engaged in business as publisher in this state, and owned the copyrights and stereotype plates of various

publications; that, after its commencement, she transferred the business to defendant, the University Publishing Company, a corporation organized in this state, without consideration and in fraud of her creditors; that R. left the state and became a resident of Massachusetts with intent to defraud plaintiff and delay the collection of his indebtedness; that, with further intent to defraud, she executed, without consideration, an assignment of the copyrights to defendant W., a resident of that state, who, thereafter, received the royalties thereon, and paid them over to R. Plaintiff asked to have the assignment set aside, and the property transferred to a receiver, and for an accounting as to royalties, etc. An order for service of summons on W., as a non-resident, by publication was granted. *Held* (RUGER, Ch. J., EARL and FINCH, JJ., dissenting), error; that the cause of action, as against W., arose in Massachusetts, and the *situs* of the property sought to be reached, *i. e.*, the copyrights is in that state, and over it the courts of this state had no jurisdiction. *Clarke* v. *Boreel* (21 Hun, 594) distinguished.

(Argued December 11, 1888; decided February 8, 1889.)

APPEAL by defendant Martha W. Wilkinson from an order of the General Term of the Supreme Court in the second judicial department, made the second Monday of February, 1888, which affirmed an order of Special Term denying a motion on the part of said defendant to vacate an order for the service of the summons herein upon her by publication.

The complaint alleged, in substance, the recovery of a judgment by plaintiff against defendant Charlotte H. Richardson, then a resident of this state, and engaged in business as a publisher in the city of New York, and the return of an execution unsatisfied; that, for the purpose of ‚defrauding and delaying plaintiff in the collection of her indebtedness to him, she removed to and resides in Massachusetts; that the stock in trade in said business consisted mainly of printed books and the plant of copyrights and electrotype plates, exclusively the property of said defendant; that said business was transferred to defendant, the University Publishing Company, a corporation organized in this state, and doing business in the city of New York; that said judgment-debtor and said company, without consideration, and with intent to defraud plaintiff, assigned and transferred said copyrights to said defendant Martha W. Wilkinson, a resident of Massachusetts; that said

company has continued to publish the copyrighted books, paying royalties thereon to defendant Wilkinson, who transfers the same to and for the use of defendant Richardson. The relief demanded was, that the said assignment to defendant Wilkinson and the transfers to said company be declared null and void; that an injunction be granted restraining any sale or disposition of the property; that a receiver be appointed, to whom defendants shall be directed to assign said property, and that so much thereof, as shall be necessary, be sold to pay plaintiff's judgment, also for an accounting as to royalties, etc.

*Payson Merrill* for appellant. Copyrights are intangible personal property, having no *situs* except the domicile of the owner. (*Stevens* v. *Gladding*, 17 How. [U. S.] 450.) The owner of the copyrights in question being domiciled in Massachusetts, there is nothing to prevent the operation of the general rule that personal property follows the domicile of the owner. (*Gillender* v. *Howell*, 35 N. Y. 657.) Jurisdiction in actions *in personam* is obtained only by personal service of process within the state, or by voluntary appearance. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Cooper* v. *Reynolds*, 10 Wall. 308; *Bartlett* v. *Spicer*, 75 N. Y. 528; Story's Conflict of Laws, §§ 549, 592 a; Cooley's Cons. Lim. 397–402.) The order of publication having been made without jurisdiction, the motion to vacate it ought to have been granted. (*Kamp* v. *Kamp*, 59 N. Y. 212; *Seaman* v. *Whitehead*, 78 id. 306.)

*Samuel R. Taylor* for respondent. The courts of this state assume, as to domestic creditors, that all property of every description is to be retained within the state for the satisfaction of their claims. (Wharton on Conflict of Laws, § 302; 2 Kent's Com. 405–408; *Smith* v. *Union Bk.*, 5 Peters, 525; *Patterson* v. *Perry*, 5 Bosw. 518.) In this case there was no tangible property within the state on which to levy, but the only property consisted of the choses in action — the bills

of lading. (*People ex rel. Jefferson* v. *Smith*, 88 N. Y. 576; *Graham* v. *First Nat. Bk.*, 84 id. 393.) The allegations in the complaint are appropriate as well to a claim for damages for conspiring to defraud plaintiff. (*Easterbrook* v. *Easterbrook*, 64 Barb. 421; *Clark* v. *Borell*, 21 Hun, 494.) Proceedings like this, when taken in good faith in the absence of any affirmative evidence disproving the facts alleged, if the original papers contained evidence calling for the exercise of the judgment of the officer who is required in the first instance to determine their sufficiency, should be upheld. (*Handly* v. *Quick*, 47 How. Pr. 233.)

DANFORTH, J. The action is by a judgment-creditor of Mrs. Richardson, against her as debtor, and other defendants, one of whom is Mrs. Wilkinson, and the order of publication recites that the action relates to personal property within the state and in which the then defendants "have or claim the entire property or income, and that the relief demanded by the plaintiff consists partly in excluding the defendants from any lien upon or interest in it until the plaintiff's judgment is satisfied." This statement may bring the case, in terms, but not in spirit, within subdivision 5 of section 438 (Code Civ. Pro.), but that is not necessary to consider, for neither the complaint nor the affidavits on which the order was founded, contain any warrant for such assumption, and the order was sustained against the motion to vacate it upon the sole ground that the defendant was a non-resident of the state. The proceeding was a statutory one, and to give the judge jurisdiction to entertain it, something more than the non-residence of the defendant must appear. A summons is issued as the first step towards the commencement of an action, and this signifies in the Code (§ 3333) an ordinary prosecution by one party against another party for the enforcement or protection of a right, or the redress or prevention of a wrong. The service of the summons is the commencement of the action. It can be made, as of course, upon a defendant within the state. It can be served upon a non-resident within the state, or

by publication only, by direction of a judge, but his order must be founded not only upon an affidavit showing the non-residence, but also upon a verified complaint showing a sufficient cause of action against the defendant to be served. (Code of Civ. Pro. § 439.)   Under the former Code (§ 135), it was enough to present the judge with an affidavit disclosing to him a cause of action against the defendant, and he was then authorized to make the order for publication in certain specified cases, and, among others, (1) "when the defendant is a foreign corporation and has property within the state, or the cause of action arose therein; (2) where the defendant is not a resident of the state, but has property therein, and the court has jurisdiction of the subject of the action." These qualifying words are omitted in the Code of Civil Procedure, but that act, as is above stated, requires the complaint to show a sufficient cause of action." That condition stands in the place of the special cases enumerated in the former Code and can require nothing less, for, unless a cause of action arises within the state, or the defendant has property therein, and the court has jurisdiction over the subject of the action, neither the person nor property of a defendant could be affected by any judgment the court might render.   He could neither be punished for contempt in failing to obey its order, nor his estate be sold by reason of it.   The jurisdiction of the court is limited by the boundaries of the state, and its process could not go beyond them.

The facts, therefore, constituting a valid claim against the defendant must be stated, and it must also appear that the case is one of which the court can take cognizance.   Here nothing appears to be within its jurisdiction.   So far as the appellant is concerned the subject of the action is in Massachussetts. She is alleged to be the assignee of certain copyrights, an intangible species of property, as the name implies (*Stevens* v. *Gladding*, 17 How. [U. S.] 450), acquired by compliance with conditions imposed by statute (U. S. R. S. §§ 4956, 4962) to be performed at the office of the librarian of congress, and consisting merely of the exclusive privilege of printing,

publishing and selling books or other compositions, a privilege abiding with the person by whom it was originally secured, or her assignee. (U. S. R. S. §§ 4952, 4955, 4971.) She resides in Massachusetts, and, for aught that appears, always has resided there. Nothing has taken place in this state and no one is here to be affected by any judgment the courts of the state can make. If the court directs the assignment to be canceled, how is its order to be made effective? or appoints a receiver, what power will he possess over the defendant appellant? or requires her to account for money received? Neither order could be enforced. Moreover, the complaint while it shows the issuing of an execution against the debtor while a resident of this state, also shows that at some time thereafter, and before the issuing of the other execution alleged in the complaint, she left the state and became with her husband "a resident of the state of Massachusetts, with the intent of defrauding and delaying the plaintiff in the collection of the said indebtedness," and still resides there. It then alleges the assignment of the copyright to Mrs. Wilkinson with intent to defraud the plaintiff, and the collection of royalties by her and payment of them to Mrs. Richardson, with like intent.

The action is to reach the copyright and have an accounting for those royalties as the property of Mrs. Richardson, and is within the Code, which gives to the creditor an action against his debtor and any other person, to compel the discovery of any thing in action or other property belonging to the judgment-debtor, or held in trust for him. (Code of Civ. Pro. § 1871.) As the transaction sought to be undone is illegal, the action is founded on a wrong by Mrs. Wilkinson in receiving the property for an unlawful purpose and to the plaintiff's injury, and for this the latter seeks a remedy. Her right as a creditor to that property is the right she desires to enforce. It is plain that the right accrued, and, therefore, the cause of action arose when and where the defendant was guilty of the wrong charged upon her, and that is when and where she stands as a shelter to the debtor, and claims and exercises rights

of ownership under an instrument executed and received in fraud of the rights of a creditor. If the allegation in the complaint is true, that is the position, and that is the wrong practiced by the defendant. It is her duty to give up the property to be applied upon the debt, and the enforcement of that duty gives the cause of action. But these things did not happen in this state, nor are the interests or property here. The court can give no relief, and the impropriety of issuing an order which, if it leads to a judgment, " would operate on nothing in the state and be regarded by nobody out of it," becomes apparent. It offends every principle by which the jurisdiction of a court can be vindicated, and should not be allowed to stand.

*Clarke* v. *Boreel* (21 Hun, 594) is cited by the respondent as opposed to these views. It seems to have no application. The action was for the recovery of damages for injuries to the person of a citizen, caused in this state by the negligence of the defendant. The court held that the cause of action arose in the state; that it had jurisdiction over it; that the defendant might perhaps appear and thus jurisdiction of the person of the defendant be added to jurisdiction of the subject-matter; and in the then condition of the proceedings they regarded the motion as premature and gave the plaintiff the benefit of the experiment. That decision is not here for review. In the complaint before us no case is made giving jurisdiction to the courts of this state over the subject of the action or its cause, and the defendant is entitled to make the motion rather than submit to the hardship of coming into this state to defend the action.

The orders of the General and Special Terms are, therefore, reversed and the motion to vacate the order of publication granted, with costs in all courts and ten dollars costs of motion.

EARL, J. (dissenting). Under the Code of Procedure, service of a summons, by publication could be made upon a non-resident defendant —

" Where he is not a resident of this state, but has property

therein, and the court has jurisdiction of the subject of the action.

" Where the subject of the action is real or personal property in this state, and the defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding the defendant from any interest or lien therein.

" Where the action is for divorce, in the cases prescribed by law."

There was no provision of the Code expressly providing that the property of the defendant should, in any case, be attached as a condition precedent either to the granting of the order of publication or judgment by default after service of the summons by publication, and the practice was not uniform. It was held, in some cases, that a valid judgment upon a money demand could not be obtained unless property of the defendant had been attached, and that the judgment could then be enforced against the property attached, and operate upon it only. Finally, in 1858, the practice was regulated by Rule 25 of the Supreme Court, which provided that, " in actions for the recovery of money only, when the summons has been served by publication, under section 135 of the Code, no judgment shall be entered unless the plaintiff, at the time of making the application for judgment, shall show by affidavit that an attachment has been issued in the action and levied upon property belonging to the defendant." The rule required the prerequisite of an attachment in actions for the recovery of money only, because an attachment could be issued only in such cases. (Code of Procedure, § 227.) It did not require that the property should be attached at or before the order for publication was obtained, but it was complied with if property was attached at any time before application for judgment was made. As the Code prescribed that a summons could be served by publication against a non-resident defendant only in case he had property within the state, it was finally held that a valid judgment could be obtained against such a defendant for a

money demand only in case an attachment was served on such property; and the statute received final construction in the case of *McKinney* v. *Collins* (88 N. Y. 216).

The Code of Civil Procedure introduced some change in the previous practice. It is provided in section 438 as follows:

" Section 438. An order, directing the service of a summons upon a defendant, without the state, or by publication, may be made in either of the following cases:

" 1. Where the defendant to be served is a foreign corporation; or, being a natural person, is not a resident of the state; or where, after diligent inquiry, the defendant remains unknown to the plaintiff, or the plaintiff is unable to ascertain whether the defendant is or is not a resident of the state.

" 2. Where the defendant, being a resident of the state, has departed therefrom, with intent to defraud his creditors, or to avoid the service of a summons; or keeps himself concealed therein, with like intent.

" 3. Where the defendant, being an adult, and a resident of the state, has been continuously without the United States, more than six months next before the granting of the order, and has not made a designation of a person, upon whom to serve a summons in his behalf, as prescribed in section four hundred and thirty of this act; or a designation so made no longer remains in force; or service upon the person so designated cannot be made within the state, after diligent effort.

" 4. Where the complaint demands judgment annulling a marriage, or for a divorce or a separation.

" 5. Where the complaint demands judgment, that the defendant be excluded from a vested or contingent interest in, or lien upon, specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property.

" 6. Where the defendant is a resident of the state, or a domestic corporation, and an attempt was made to commence the action against the defendant, as required in chapter fourth

of this act, before the expiration of the limitation applicable thereto as fixed in that chapter; and the limitation would have expired within sixty days next preceding the application, if the time had not been extended by the attempt to commence the action.

"7. Where the action is against the stockholders of a corporation, or joint-stock company, and is authorized by a law of the state, and the defendant is a stockholder thereof."

And section 439 provides that the order must be founded upon a verified complaint showing "a sufficient cause of action" against the defendant to be served, and proof by affidavit of the additional facts required by the previous section. Section 1217 was adopted in the place of what was previously substantially embodied in the rule of the Supreme Court, as follows: "A judgment shall not be rendered for a sum of money only upon an application made pursuant to the last section, except in an action specified in section 635 of this act." Where the defendant is a non-resident or a foreign corporation, and has not appeared, the plaintiff, upon the application for judgment in such an action, must produce and file the following papers: (1.) Proof by affidavit that a warrant of attachment granted in the action has been levied upon property of the defendant. (2.) A description of the property so attached, verified by affidavit, with a statement of the value thereof according to the inventory. (3.) The undertaking mentioned in section 1216, if one has been required.

It is seen that the requirement that the non-resident defendant should have property within the state is omitted, and that fact is not essential to give jurisdiction to grant the order for publication. In an action to recover a money demand, it may be granted, although the defendant has no property within the state; but at some time before application for judgment can be successfully made, property of the non-resident defendant must be found within the state and attached, and then the judgment can be enforced only against the property so attached. (§ 707.)

I am inclined to think (although it is not now important

to determine it) that it is the true construction of the various sections of the Code that a valid judgment cannot be obtained against a non-resident served by publication, unless some of his property has been attached within the state before judgment, or the case is one mentioned in subdivisions 4, 5 or 7 of section 438. And this construction makes clear what is meant by the requirement in section 439 that there shall be a verified complaint showing "a sufficient cause of action;" that is, there must be a verified complaint showing a cause of action for a sum of money only, as provided in section 635 of the Code, or showing a cause of action specified in subdivisions 4, 5, or 7; and unless the complaint shows such a cause of action, an order for publication of the summons is not warranted.

This is what is commonly called a creditor's action, brought against the University Publishing Company of New York, Charles B. Richardson, Charlotte H. Richardson and Martha W. Wilkinson. The complaint alleges the recovery of a judgment against Mrs. Richardson for about $14,000, the issuing of an execution and the return thereof unsatisfied; that before the commencement of the action in which the judgment was obtained, Mrs. Richardson and one Heath were engaged in the publishing business in the city of New York; that the stock in trade of the firm consisted of copyrights and the stereotype plates from which the copyrighted works were to be printed, and that they were the exclusive property of Mrs. Richardson; that the business was subsequently transferred to the University Publishing Company, and has since been conducted under that name; that subsequently to the commencement of that action Mrs. Richardson assigned and transferred to the defendant, Martha W. Wilkinson, the copyrights of several works specified, for the nominal consideration of $12,100, but without any real consideration, and solely with intent to defraud the plaintiff; that the stereotype plates from which the copyrighted works were printed were the property of Mrs. Richardson, although nominally transferred to the University Publishing Company with intent to

defraud the plaintiff; that Mrs. Richardson was paid from $3,000 to $5,000 annually by the University Publishing Company for royalties in the use of such stereotype and copyright plates by the company, the money being first paid to Mrs. Wilkinson, and then by her turned over to Mrs. Richardson for the use of the latter; that the University Publishing Company is a New York corporation engaged in business in the city of New York. And the complaint demands judgment that the assignment made by Mrs. Richardson to Mrs. Wilkinson, and the assignment made by the University Publishing Company to Mrs. Wilkinson and the transfer to the University Publishing Company of the stereotype plates used in connection with the copyrights mentioned be set aside and declared void; that an injunction be allowed restraining the defendants, or either of them, from disposing of or interfering with such copyrights and stereotype plates, and that a receiver be appointed, to whom should be assigned all the property and estate of the defendant, Mrs. Richardson, and who should be authorized to sell the same and satisfy the judgment of the plaintiff. The complaint is verified. In addition thereto there was presented to the judge, upon the application for the order of publication, the affidavit of the plaintiff setting forth substantially the same facts alleged in the complaint. The order of publication was granted on the ground that the defendants Martha W. Wilkinson, Charles B. Richardson and Charlotte H. Richardson were non-residents of the state; that the defendant Charlotte H. Richardson departed from this state with intent to defraud her creditor, the plaintiff, and that the three defendants are proper parties "to this action, which relates to personal property within this state, in which property the defendants Martha W. Wilkinson, Charles B. Richardson and Charlotte H. Richardson have or claim the entire property and income, and that the relief demanded by the plaintiff consists partly in excluding the said three defendants from any lien upon or interest in said property until the plaintiff's judgment against

said Charlotte H. Richardson, amounting to more than seventeen thousand dollars, shall be fully satisfied." The defendant, Mrs. Wilkinson, moved to set aside the order of publication on the ground that it was granted without jurisdiction.

It is clear that this complaint sets forth a sufficient cause of action within subdivision 5 of section 438 of the Code. It shows a valid cause of action to reach certain property transferred by a judgment debtor for the purpose of defrauding the plaintiff by hindering and delaying him in the collection of his judgment. It appears that some of the property, at least, is within this state. It is difficult to perceive what element of a sufficient cause of action is wanting. It cannot be doubted that if a proper service of a summons can be obtained upon the defendants, and the allegations of the complaint can be proved, a good cause of action will be established under subdivision 5, and that the court will be able to grant the relief demanded. Whether the summons can be effectually served upon all the defendants, and thus a valid judgment be obtained against them is another matter. That question may arise when application for judgment is made, or when any effort may be made in the future to enforce a judgment rendered in the action. But, as the basis for an order of publication, everything appears in the complaint which is necessary to give the court jurisdiction. The plaintiff has the right to make an effort to bring the defendants into court by the service of his summons. It may be that they will appear or that before judgment is obtained all the property will be brought within this state, and there is no warrant in the law or in any rule of practice for depriving the plaintiff of these chances. Courts are not in the habit of refusing process to a suitor because he may not be able to make it effectual. It appears, from the complaint, that the entire business of the University Publishing Company is conducted for the benefit of Mrs. Wilkinson, and that she has a large and valuable interest therein, and she is a proper party to the action, at least for the purpose of barring and cutting off any interest she may have in its property.

It is alleged in the affidavit used upon the application for the order of publication that some of the stereotype plates and all of the copyrights were possessed and controlled within the state of New York. It may be, as matter of law, that that is not true as to the copyrights. They are peculiar in their nature, intangible personal property or incorporeal rights, and have their *situs* either at the domicile of the owner or anywhere in the United States where they may be used. It may be true, as stated by Judge CURTIS in *Stephens* v. *Gladding* (17 How. [U. S.] 450), that "these incorporeal rights do not exist in any particular state or district; they are co-extensive with the United States. There is nothing in any act of congress, or in the nature of the rights themselves, to give them locality anywhere, so as to subject them to the process of courts having jurisdiction limited by the lines of states and districts." But these copyrights are used in the city of New York. They do not appear to be used anywhere else. The books are printed and published in the city of New York. The stereotype plates are tangible property and may be seized and sold under an execution ; and the property in the copyrights may be reached by a creditor's bill. (*Stephens* v. *Cady*, 14 How. [U. S.] 528.) And it may be that the plaintiff can get some relief as to that property under the circumstances appearing in this case. Whether he can or not ought not to be determined upon a motion to set aside the order of publication. It should be left to be determined after he has obtained judgment or when he seeks to enforce it against such property.

We are, therefore, of opinion that this motion was at least premature, and that it was properly denied.

The order should be affirmed, with costs.

ANDREWS, PECKHAM and GRAY, JJ., concur with DANFORTH, J , RUGER, Ch. J., and FINCH, J., concur with EARL, J.

Orders reversed and motion to vacate granted.