ARTHUR H. GAGNON, as Receiver of the Property of WALTER SCOTT ROBERTS, Plaintiff, *v.* WALTER SCOTT ROBERTS and Others, Defendants.

Supreme Court, New York County, January 13, 1928.

Process — service by publication — term " sufficient cause of action," under Civil Practice Act, § 232, defined — action by receiver in sequestration proceeding — service under order of court on foreign corporation holding stock of domestic corporation, valid.

The provision of section 232 of the Civil Practice Act, providing the requisites for a valid order of publication, that the complaint shall show " a sufficient

cause of action against the defendant to be served," means that the cause of action must be one in which the judgment to be rendered will be, at least to some extent, capable of enforcement.

Where the defendant is a non-resident it is not essential that the case shall come within subdivision 6 of section 232 of the Civil Practice Act, provided " a sufficient cause of action " is shown.

In an action in equity by a receiver in a sequestration proceeding following a judgment in a matrimonial action, in which he seeks to reduce to possession stock of defendant foreign corporation, which in turn holds stock of the defendant domestic corporation, service may be made personally without the State upon the foreign corporation, pursuant to an order of the court, for a judgment in said action, so far as it seeks to reach the interests of the foreign corporation in the domestic corporation, will be enforcible in this State.

MOTION by defendant foreign corporation to vacate service of summons and complaint.

*Samuel J. Siegel*, for the motion.

*James E. Kelly* [*John B. Doyle* of counsel], opposed.

CHURCHILL, J. The moving defendant is a foreign corporation and has been served with the summons and complaint personally, without the State, pursuant to an order of the court. It contends that the court was without power to grant the order.

The action is in equity and, since a warrant of attachment could not be granted, the only requisite to sustain the order of publication, aside from formalities, is that the complaint shall show " a sufficient cause of action against the defendant to be served." (Civ. Prac. Act, § 232.) If this meant only that a good cause of action must be stated the present motion to vacate would have to be denied, for it is not disputed that the complaint states facts sufficient to constitute a cause of action and, even if such a question were raised, the pleading would not be judged with severity on a motion of this kind. (*Holmes* v. *Camp*, 219 N. Y. 359.)

But the language quoted means something more and something different from the ordinary requirement of a sufficient statement. It means that the cause of action, in order to be sufficient, must be one in which the judgment to be rendered will be, at least to some extent, capable of enforcement. In other words, it must be shown that, at the time when the order of publication is made, there is property of the defendant within the State over which the court could exercise jurisdiction, since it can exercise none *in personam*. (*Bryan* v. *University Publishing Co.*, 112 N. Y. 382; *Hodgens* v. *Columbia Trust Co.*, 185 App. Div. 555.)

The motion is argued by both sides as if its determination depended upon bringing the case within the provisions of subdivision 6 of

section 232 of the Civil Practice Act. But where the defendant is a non-resident it is not essential that the case shall come within that subdivision provided a sufficient cause of action is shown within the meaning of that phrase, as already explained. Doubtless most cases of which the court can take jurisdiction will fall within the classification formulated in subdivision 6. Nevertheless, where the right to serve by publication depends primarily upon non-residence, the right is not limited by force of the provisions of that subdivision. It must be tested by the general principle which I have stated. This conclusion accords with the literal reading of section 232 and is also in harmony with the decided cases.

The sole contention of the moving defendant, then, is that the nature of the action is not such as to permit service by publication.

The action is brought by a receiver appointed in sequestration proceedings following a judgment in a matrimonial action. Plaintiff seeks to reduce to possession property of the defendant Roberts, who was the defendant in the matrimonial action and against whom an award of alimony was made, under which a large sum is due and unpaid. The theory of the action is that Roberts is the real owner of all the stock of the foreign corporation, service upon which is sought to be vacated, and that that corporation is, in turn, the holder of all the stock of a certain domestic corporation, which is also made a party defendant. Plaintiff, therefore, seeks to reach the interest of the moving defendant in this domestic corporation, which, he claims, is held for the defendant Roberts. He has procured a temporary injunction and the appointment of a receiver. He asks other final relief which, obviously, cannot be granted unless the moving defendant elects to appear in the action. But, in so far as the action seeks to reach the interest of the moving defendant in a domestic corporation, the case is manifestly one of which the court may acquire jurisdiction without personal service. (*Holmes* v. *Camp*, 219 N. Y. 359; *Chesley* v. *Morton*, 9 App. Div. 461.)

The motion to vacate service of the summons and complaint is, therefore, denied, with ten dollars costs. Order signed.