ROLAND F. GORE, Plaintiff, *v.* PENNSYLVANIA RAILROAD COMPANY and Others, Defendants.

Supreme Court, Erie County, August 31, 1932.

*Ward, Flynn, Spring & Tillou* [*Hamilton Ward* of counsel], for the plaintiff.

*Persons & Blair* [*Charles F. Blair* of counsel], for the defendants.

*Harold J. Adams*, for the defendant Pennsylvania Railroad Company.

MACGREGOR, J. This action was commenced by the plaintiff against the Pennsylvania Railroad Company, the heads of various local lodges of the Brotherhood of Railroad Trainmen and the Order of Railway Conductors, and also the presidents of the latter organizations for the purpose of enforcing a seniority right that he claims to have under the contract existing between the railroad company and the labor organizations.

The contract between the railroad company and the labor organizations governs the working conditions and the seniority rights of employment of the members of the organizations; section 3 D 1 of regulation 3 of the contract provides: " 3 D 1. When two or more divisions are merged or separated, the seniority of the trainmen then in service shall be confined to the original territory on which they have earned it. They shall also have seniority on the combined division over trainmen entering the service after the date of the merger and have seniority on the combined division."

In 1916 two divisions of the Pennsylvania railroad were combined and the plaintiff claims that by action of the labor organizations he has been denied and deprived of certain seniority rights that he is entitled to as a member of the Brotherhood of Railroad Trainmen. He claims that he has exhausted his remedies within the organization and now seeks the aid of the court to protect him in his alleged rights. The prayer of his complaint is: " Wherefore, plaintiff demands judgment restraining the defendants, their officers, agents and servants from enforcing the decision or ruling made at the meeting held on March 12, 1918 and November 27, 1929, and commanding said defendants, their officers, agents and servants, to restore him to his seniority rights which he had prior to his displacement on the 9th day of April, 1929, together with

such other, and further relief as to the court may seem just and proper."

The defendant Brotherhood of Railroad Trainmen is an unincorporated association having subordinate lodges in the State of New York which function under the jurisdiction of a Grand Lodge having its principal office at Cleveland, Ohio. The Order of Railway Conductors is an unincorporated association having a similar form of organization with head offices in the city of Cedar Rapids, Iowa.

Four of the subordinate lodges of the respective organizations which are made defendants are located in the State of Pennsylvania.

On March 22, 1932, an order of publication was granted out of this court authorizing service of process by publication upon the non-resident defendants and service was made personally without the State pursuant thereto.

These defendants now appear specially for the purpose of objecting to the jurisdiction and ask for an order setting aside the order of publication to which the plaintiff objects.

The plaintiff contends that the order of publication was properly granted under the provisions of section 232 of the Civil Practice Act which permits such service to be made in an action instituted to enforce a right as to personal property located within the State. He claims that the action comes within the purview of subdivision 6 of section 232 which provides: " 6. Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited." He contends that the " seniority rights " in question are personal property within the State, his rights as to which he seeks to have enforced.

The rights are intangible and the determination of the question turns upon the question as to whether or not the rights constitute such a species of property that an action *in rem* can be maintained. If the rights are not of such a nature, then the action is one *in personam* and jurisdiction cannot be obtained of a non-resident defendant by publication.

In the case of *Hanna* v. *Stedman* (230 N. Y. 326) the court said: " An action or proceeding *in rem* has for its subject specific property which is within the jurisdiction and control of the court to which application for relief is made. The action proceeds against such specific property and its object is to have the court define the rights therein of various and conflicting claimants. Jurisdictional control of the property affords the basis for service beyond its jurisdiction

upon those who may be interested in its disposition. The result of such an action is a judgment which operates upon the property and which has no element of personal claim or personal liability."

The test of the power of a State to permit service of process outside of the State that will be effective as to a non-resident is as to whether or not the decree or judgment that the court may make will be effective. The judgment sought must be one that operates upon the thing itself. The only basis for the jurisdiction is the fact that the judgment of the court in the action can be executed because the subject of the action is within the State. The action must relate to property in which the non-resident defendant has some title or interest. If the judgment in the action is one that does not relate to the property itself, but requires personal action upon the part of the non-resident, then the court has no power to· issue process that will have any binding effect upon the non-resident.

In *Gagnon* v. *Roberts* (131 Misc. 126) the court discusses the matter in language which seems to be applicable to the case at bar. " The action is in equity and, since a warrant of attachment could not be granted the only requisite to sustain the order of publication aside from formalities, is that the complaint shall show ' a sufficient cause of action against the defendant to be served.' * * * If this meant only that a good cause of action must be stated the present motion to vacate would have to be· denied, for it is not disputed that the complaint states facts sufficient to constitute a cause of action and, even if such a question were raised, the pleading would not be judged with severity on a motion of this kind. * * *

" But the language quoted means something more and something different from the ordinary requirement of a sufficient statement. It means that the cause of action, in order to be sufficient, must be one in which the judgment to be rendered will be, at least to some extent, capable of enforcement. In other words, it must be shown that, at the time when the order of publication is made, there is property of the defendant within the State over which the court could exercise jurisdiction, since it can exercise none *in personam*. (*Bryan* v. *University Publication Co.*, 112 N. Y. 382; *Hodgens* v. *Columbia Trust Co.*, 185 App. Div. 555.) "

In the present case the plaintiff does not claim that there is any property within the State in which these defendants have any right or interest. In fact he claims that he is entitled to a recognition of his claimed property by the defendants. He desires that they be compelled to give recognition to his seniority rights and the only way that the court could comply with the prayer for relief would be to issue a decree directing that the defendants personally

do some affirmative act or refrain from doing something. What he seeks does not act upon the property itself. It is an action *in personam* and not *in rem*.

In the case of *Schoenholz* v. *New York Life Ins. Co.* (197 App. Div. 91; affd., without opinion, 234 N. Y. 24), which was an action in equity by a widow to have it declared that she was the equitable owner of a policy of insurance issued upon the life of her husband, payable to his sister, and to have the designation of the beneficiary named therein canceled and declared void, and to have it adjudged that the insurance company pay the proceeds of the policy to the plaintiff to whom the husband had promised to assign the policy in consideration of marriage, it was held that the action was not *in rem*, and, therefore, the court did not by the service of the summons by publication acquire jurisdiction of the husband's sister who was a non-resident and did not appear.

The case of *Garfein* v. *McInnis* (248 N. Y. 261), which is cited by the plaintiff as authority for his contention, was an action for the specific performance of an alleged contract to convey real estate located in the State of New York. The basis for the holding that service by publication was proper was that the Legislature had provided by statute a method of enforcement of the decree of the court by other means than by mere direction to the defendants.

In the recent case of *Ebsary Gypsum Co.* v. *Ruby* (256 N. Y. 406) the court reiterates the law to be that where there can be no effective judgment without jurisdiction of the person then no order of publication can be granted. The court says: " If the owners refuse to appear and choose to suffer a default, the court will be powerless by any effective judgment to compel them to make delivery of the necessary documents. It cannot compel them to set their hands to the documents under penalty of contempt, for contempt there can be none in the absence of jurisdiction of the person. It cannot direct the execution of the documents by the sheriff or a master, for the direction will be *brutum fulmen* without the presence of the *res*, the subject of the transfer. * * *

" In so far as the prayer is for an injunction in respect of the development of the unpatented inventions, there is jurisdiction of the subject-matter, but there can be no effective judgment without jurisdiction of the person."

Assume that the non-resident defendants fail to appear and a decree is made by this court directing them to do or refrain from doing an act and then the defendants fail to act in accordance with the decree, what can be done? The court could not decree that the " seniority right " be sold or that the defendants be excluded from an interest in it. The only action that the court could take

with reference to the intangible right possessed by the plaintiff would be to direct that the defendants respect the right and do those things necessary to give effect to his right. The court could, of course, make such a decree effective as to resident defendants but it could not be effective as to non-residents because personal action upon their part is sought.

The order of publication as to the non-resident defendants must, therefore, be vacated, and the service of the summons be set aside.