HARRY WOLFE, Plaintiff, *v.* GRAND LODGE OF THE INTERNATIONAL ASSOCIATION OF MACHINISTS, Defendant.

Supreme Court, Special Term, Kings County, February 8, 1943.

*Samuel Cohen* for defendant appearing specially.

*Julius Wilk* and *Edward M. Chasin* for plaintiff.

JOHNSON (F. E.), J. Defendant moves to vacate the service of a summons by publication made pursuant to an *ex parte* order in this equity action. By this action the plaintiff seeks an adjudication that the appointment of two officers is null and void, to enjoin these nonresident officers from holding

themselves out as officers and to compel certain other nonresident officers to pay moneys to the Grand Lodge treasury.

The defendant is an unincorporated association with headquarters outside the State and none of its officers reside within the State, and there seems to be none of its property here; there has been no attachment of its property within the State. The ground of the motion is that the complaint does not show the " sufficient cause of action " required by section 232 of the Civil Practice Act which, in order to be sufficient thereunder, must be one in which the judgment to be rendered will be, at least to some extent, capable of enforcement here. (*Gagnon* v. *Roberts,* 131 Misc. 126.) If there can be no effective judgment without jurisdiction of person or property, no order of publication can be granted. (*Gore* v. *Pennsylvania R. R. Co.,* 144 Misc. 639, 643.)

The judgment sought does not relate to any property in which the nonresident defendants have some title or interest. The only way that this court could comply with the prayer for relief contained in the complaint would be to issue a decree directing that the defendants personally do some affirmative act or refrain from doing something. Since this is an action *in personam,* and not *in rem,* no effective decree can be made by this court as to nonresidents.

The order of publication must, therefore, be vacated, and service of the summons set aside.