Joseph A. Gavagan, J.
This is a motion to stay arbitration. The admission of liability subsequent to the commencement of the arbitration proceedings does not justify a stay of such proceedings. Once the arbitration proceeding has been duly commenced, it depends upon the state of matters at the time of the commencement thereof, not what occurred thereafter, and, if the circumstances be such, then, to invest jurisdiction. The same cannot be ousted by any subsequent event (Koppel v. Heinrichs, 1 Barb. 449, 451; Hodgens v. Columbia Trust Co., 103 Misc. 415, revd. on other grounds 185 App. Div. 555). And the same holds true in arbitration, for section 1460-a of the Oivil Practice Act permits an award by confession, if the admission of liability occurs after written notice to the other party of intention to arbitrate and before the filing or delivery of an award. Here, it was not until after respondent had commenced arbitration proceedings that petitioner first admitted its liability. The reason for nonpayment, however, was because petitioner claimed a setoff against respondent in another matter. If this be so then surely this attempted setoff should be subjected to the arbitrators upon the entire matter. By demanding a setoff, petitioner created an arbitrable controversy. A dispute as to the right to a setoff against an otherwise undisputed claim renders the claim as a whole a disputed claim, which all should be decided by the arbitrator.
The motion for a stay is therefore denied.