(139 App. Div. 455.)

### HOLMES v. BELL et al.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

1. PROCESS (§ 92*)—SERVICE ON NONRESIDENTS—CONDITIONS PRECEDENT—SUFFICIENCY OF COMPLAINT.

Under Code Civ. Proc. § 439, providing that an order for service of summons on a defendant without the state or by publication, must be founded on a verified complaint showing a cause of action against defendant, to justify an order directing service by publication or personally without the state, the complaint on which the order is based must show that plaintiff has a cause of action.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 104; Dec. Dig. § 92.*]

2. ATTORNEY AND CLIENT (§ 175*)—LIEN OF ATTORNEY—STATUTES—"ATTORNEY'S LIEN."

A claim of an attorney founded on a contract providing that, if he would give information to defendant on which defendant could successfully prosecute a suit, defendant would pay a specified percentage of the recovery, and based on the fact that defendant, through another attorney, successfully prosecuted a suit on the information given, is not an "attorney's lien" within Judiciary Law (Consol. Laws, c. 30) § 475, giving the attorney, appearing for a party, a lien on his client's cause of action, but the claim is on a contract of sale of information.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 394; Dec. Dig. § 175.*

For other definitions, see Words and Phrases, vol. 1, pp. 635, 636; vol. 8, p. 7586.]

3. ASSIGNMENTS (§ 33*)—ACTS CONSTITUTING.

To constitute a valid assignment, there must be a perfect transaction between the parties intended to vest in the assignee a present right in the thing assigned, and an agreement to pay a certain sum out of a fund one is entitled to receive, when received, does not operate as a legal or equitable assignment.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 64; Dec. Dig. § 33.*

For other definitions, see Words and Phrases, vol. 1, pp. 566–571; vol. 8, p. 7584.]

4. ASSIGNMENTS (§ 52*)—EQUITABLE ASSIGNMENT—ACTS CONSTITUTING.

A contract whereby an attorney agreed to give information to defendant on which he could successfully prosecute a suit, and whereby defendant agreed to pay a specified percentage of the amount recovered in the suit, was not an equitable assignment of the specified percentage of the amount subsequently recovered in a suit prosecuted by another attorney on the information received.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 107, 109; Dec. Dig. § 52.*]

5. ATTORNEY AND CLIENT (§ 158*)—COMPENSATION—CONTRACTS—RIGHTS ACQUIRED—REMEDY.

A contract whereby an attorney agreed to give information to defendant on which he could successfully prosecute a suit and whereby defendant agreed to pay a specified percentage of the sum recovered, was at most a common-law contract, and the attorney, after the successful prosecution of an action by another attorney on information furnished, must obtain a judgment in a common-law action, and then maintain appropriate proceedings in aid of execution.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 361; Dec. Dig. § 158.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Artemas H. Holmes against Helen Villard Bell and others. From an order denying a motion to vacate an order for the service of a summons by publication, Helen Villard Bell and another appeal. Reversed.

Argued before INGRAHAM, P, J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Van Wyck & Mygatt (Frederick E. Mygatt, of counsel), for appellants.

Rastus S. Ransom, for respondent.

Wherry & Morgan (William M. Wherry, Jr., of counsel), for defendants Villard.

CLARKE, J. Appeal by the defendants Helen Villard Bell and James W. Bell, appearing specially for the purpose, from an order denying a motion to vacate an order directing that the service of the summons herein be made upon said defendants Bell by publication, or by personal service without the state. The motion to vacate was based upon two grounds: First, that the complaint herein does not establish a sufficient cause of action against the defendants to be served; and, second, that the papers upon which the order was made were insufficient.

The complaint alleges that plaintiff is an attorney at law; that the defendant Helen is the only daughter of the late Henry Villard, and the defendant James W. Bell is her husband; that Henry Villard and his wife, Fanny Garrison Villard, on or about October 19, 1884, jointly executed a certain irrevocable trust to William Lloyd Garrison, as trustee, whereby they transferred to said Garrison as trustee all their right, title, and interest to 156 shares of the Evening Post Publishing Company, of the par value of $500 each, to pay the income of 76 shares to the defendant Fanny Garrison Villard during the term of her natural life, and upon her death to divide said 76 shares into as many parts as there were children of her and Henry Villard, then surviving, or the issue of such deceased children, and to pay over the same absolutely to the said surviving children; to divide the remaining 80 shares of stock into four equal parts of 20 shares each, and to hold each of said blocks in trust for the following uses and purposes: To pay the income and dividends from one of the said blocks of shares to the defendant Helen Villard Bell until she should arrive at the age of 21 years, and upon her arriving at the age of 24 years to pay over one of said blocks of 20 shares to her, and upon the death of said Helen Bell before attaining the age of 24 years, without leaving issue, her share to be divided into equal parts among the survivors, the other trust beneficiaries named in such deed, or the issue of such deceased children. There are certain other provisions not material. That the said deed of trust was executed in triplicate, and was signed by said Henry and Fanny Villard and said Garrison, and duly acknowledged on October 19, 1884, before this plaintiff, who was then and there duly authorized as a notary public to take said acknowledgments; that said deed of trust was in all

respects absolute and irrevocable. The said Garrison accepted said trust, and by the execution and delivery of said deed, he, as such trustee, was or became the holder of record of the said stock upon the books of said Evening Post Publishing Company; that Henry Villard died November 12, 1900; that the said Helen and her husband were in ignorance of the execution of the said deed of trust and of the provisions thereof for the benefit of the said Helen until in or about the month of May, 1905, at which time she was represented by her attorney, one George D. Mumford, who, and also the defendant Helen Bell, were informed of all the above facts by this plaintiff; that about the first part of the month of May, 1905, the said Helen made a contract and agreement with the plaintiff, in writing, in the form of a letter written by the plaintiff to her, containing his proposal to aid and assist her as counsel and render any and all services in his power to her in the prosecution of a claim and the enforcement of her rights under said deed of trust, for his compensation of 25 per cent. of the results obtained by her in the prosecution of her said claim, and from the letter from the said Helen Villard Bell in answer to the plaintiff's proposition that she would pay him for such services 20 per cent. of the results obtained by her under the provisions in her behalf of said deed of trust; which proposed modification of the plaintiff's proposition from 25 per cent. to 20 per cent. was accepted by the plaintiff in writing, and delivered by him to her attorney the said George D. Mumford, her duly authorized agent and attorney in that respect.

That after the consummation of said agreement for services to be rendered by him as such counsel as aforesaid, and appropriating and using the information given to her by the plaintiff as to the existence of said deed of trust, the said Helen Villard Bell, on or about May 15, 1905, commenced an action by the said Mumford as her attorney in said action in equity, demanding that said deed of trust be declared a valid and existing trust, and that the said Helen be declared to be entitled to her beneficial interest as set forth in said deed of trust, and to the actual ownership of 26⅔ shares of said stock from the date on which she attained the age of 24 years and all the income and profits accruing on said stock from October 19, 1884; that Garrison, the trustee, account to her, and that he be declared to have been recreant in the trust confided to him and be removed as such trustee, and that the defendants Villard be directed to account to her, etc. That the defendant in said action served an amended answer putting in issue all the material averments of the plaintiff in that action; that said action was never brought to trial, but on or about the 28th of June, 1906, the said action was compromised and settled by the parties thereto without the knowledge or consent of the plaintiff; that it was provided by the terms and provisions of said compromise and settlement, reduced to writing and duly executed, that the sum of $5,000 cash should be paid to the said Helen, and the said Fanny, Oswald, and Harold Villard, defendants in said action, conveyed and delivered to Harold Garrison Villard, to and for the use of said Helen, the following securities (enumerating them), mak-

ing a total of said bonds and stock $40,700; that the said parties also agreed to convey and did convey to Harold Garrison Villard, as agent for the said Helen, the following securities (enumerating them), making a total value of said stocks $46,175; that the same persons transferred and delivered to the said Harold, as agent for the said James W., husband of the defendant Helen Bell, securities (enumerating them), making a total of $46,175; that said parties also agreed to convey and did convey to the Knickerbocker Trust Company, upon the trust set forth in said deed of trust, duly executed and delivered for the purposes thereof, the following securities (enumerating them), making a total value of said stocks of $43,650; that the cash and securities set forth in said agreement of settlement and compromise were duly delivered to or for the use of the defendant Helen and her husband, James, to their agent, the said Harold Villard, and that the terms, provisions, and conditions of the said agreement and compromise and settlement were then and there wholly performed by the parties thereto, and the said action brought by said Helen to enforce the said deed of trust in her behalf was discontinued by her, without costs; that the cash and securities delivered to said Harold to and for the use of said Helen are of the value of $45,700; that the securities mentioned were delivered to said James W. Bell and are of the value of $46,175, and were subject to the lien of the plaintiff for his said services in the sum of 20 per cent. of the fair value of the said securities and of the income paid thereon subsequent to June 23, 1906, and the said defendants and each of them are justly indebted to the plaintiff for the same, with interest thereon which has not been paid.

The complaint sets up a supplemental agreement as a part of said compromise, with reference to further shares of stock subject to the claim of the plaintiff for his services, 20 per cent. of the income, and that such stocks are of the value of $43,650. On information and belief the plaintiff further shows that the defendant Helen and her husband are not residents of the United States, and have not been for many years last past, but are aliens, residents of and domiciled in Dresden, Saxony, Germany; that they are pecuniarily irresponsible, except for such interests as they may have under the said agreement of settlement and compromise and under said agreement between Harold Garrison Villard and the defendant Knickerbocker Trust Company of June 22, 1906, and said agreement between said defendant Helen and her husband and Fanny, Oswald, and Harold Villard, of May 27, 1907; that the said defendants Helen and James Bell have little or no property which could be reached by execution or otherwise to satisfy a money judgment of the plaintiff against them, and that they are in receipt of substantially no income except such income as is secured to them from the said stocks as the result of said services of the plaintiff, and that unless the plaintiff can enforce his claim in this court of equity, and have the same charged as a lien upon the said securities and the income or installments therefrom, payable by said defendant Knickerbocker Trust Company, he will be remediless, and that the plaintiff has no adequate remedy at law, and that resort to this court

of equity for his protection has become necessary. Plaintiff further shows that he has fully performed his said contract, and has been since the making of said contract ready to serve the said Helen Villard Bell according to the terms of his contract with her. Wherefore, he demands judgment that an account be taken of said securities and of their present value and of the installments payable to the said defendants under the terms of their settlement, and out of which plaintiff has not been paid such 20 per cent. and that judgment for said 20 per cent be rendered in plaintiff's favor; that the agreement of the defendant Helen Villard Bell with the plaintiff be adjudged valid and binding upon all of said defendants herein, and that the provisions of the said compromise and settlement with Helen and James W. Bell set forth be adjudged to be a lien upon said securities and the income thereof upon the present value in favor of the plaintiff and as an equitable assignment to the plaintiff of 20 per cent. thereof; that the plaintiff's claim for services of 20 per cent. upon said stocks and income, with interest and all future installments of income, payable by said defendant the Knickerbocker Trust Company, be charged as a lien upon and made payable from such installments or income heretofore accrued or hereafter accruing, and that the said Knickerbocker Trust Company be adjudged to pay the same direct to the plaintiff.

In Grant v. Cobre Grande Copper Co., 193 N. Y. 307, 86 N. E. 35, the court said:

"Section 439 provides that the order must be founded upon a verified complaint, showing a sufficient cause of action against the defendant to be served, and proof by affidavit of the additional facts required by the last section. The reversal of the Appellate Division appears to have been based upon the latter provision of the Code and upon the ground that the complaint filed in this action does not state a sufficient cause of action against the Cobre Grande Copper Company. It is not our practice, upon this kind of an order, to search the complaint with the care we would upon a demurrer."

But the court did go on and examine the complaint, because this court had, and came to the conclusion that it stated a cause of action, and therefore reversed the order setting aside the service by publication.

In Paget v. Stevens, 143 N. Y. 172, 38 N. E. 273, the court said:

"This language [referring to section 439, Code Civ. Proc.] does not mean simply a complaint which would withstand a demurrer based upon the ground that it did not state facts sufficient to constitute a cause of action. The cause of action which is sufficient is one against the defendant of which the court can take cognizance. In this case it must be one of which the court has jurisdiction as to defendant Charles G. Stevens, upon the assumption that he is a nonresident. This meaning has been adjudged to be the correct one in Bryan v. University Co., 112 N. Y. 382 [19 N. E. 825, 2 L. R. A. 638]."

Certain other cases were collected in the opinion of this court in Grant v. Cobre Grande Copper Co., 126 App. Div. 750, 111 N. Y. Supp. 386. Justice McLaughlin's language in Montgomery v. Boyd, 60 App. Div. 133, 70 N. Y. Supp. 139, was quoted:

"So far as we have been able to discover, it has been uniformly held that in order to justify an order directing service by publication, or personally without the state, the complaint upon which the order is based must show that the plaintiff has a cause of action."

124 N.Y.S.—20

And while our view of the complaint in the Grant Case did not prevail, the principle involved and stated in the Paget Case was not overruled. We have here set forth an action in equity to assert and establish a lien based upon an alleged contract that if the plaintiff gave certain information upon which Helen Bell could institute and maintain and succeed in a suit she would pay to plaintiff 20 per cent. of the results obtained by her under the provisions in her behalf in the deed of trust. Obviously this is not an attorney's lien. Section 475 of the judiciary law (chapter 30, Consol. Laws) provides:

"From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, *the attorney who appears for a party* has a lien upon his client's cause of action * * * and the lien cannot be affected by any settlement between the parties before or after judgment or final order."

Plaintiff never was Mrs. Bell's attorney. The complaint alleges that George D. Mumford was her attorney, and that by said Mumford as her attorney Mrs. Bell began a suit based on the information given, which suit was compromised and settled with certain results. The claim is upon a promise to give information. What is alleged is a sale of information obtained by Holmes through his relation to Mrs. Bell's father. It is a contract for payment for that information which is set up as the basis of this suit.

No lien is given to counsel. It is confined to attorneys who have appeared. Brown v. Mayor, 9 Hun, 587. If no attorney's lien is stated, there is no other kind of a lien set up by the allegations of the complaint. There was no equitable assignment. In Donovan v. Middlebrook, 95 App. Div. 365, 88 N. Y. Supp. 607, Mr. Justice McLaughlin said:

"To constitute a valid assignment there must be a perfected transaction between the parties intended to vest in the assignee a present right in the thing assigned. An agreement to pay a certain sum out of, or that one is entitled to receive from, a designated fund, when received, does not operate as a legal or equitable assignment, since the assignor in either case retains control over the subject-matter. 'The test is' even of an equitable assignment 'whether the debtor would be justified in paying the debt or the portion contracted about to the person claiming to be assignee.' Fairbanks v. Sargent, 117 N. Y. 320, 22 N. E. 1039, 6 L. R. A. 475. 'It is the settled doctrine in this state,' says the court in Thomas v. N. Y. & G. L. R. Co., 139 N. Y. 163, 34 N. E. 877, 'that an agreement, either by parol or in writing, to pay a debt out of a designated fund does not give an equitable lien upon the fund or operate as an equitable assignment thereof.'"

The court cited, also, Williams v. Ingersoll, 89 N. Y. 508. No portion of the claim was transferred by the contract counted upon, nor was there any provision that plaintiff should first satisfy himself out of the proceeds and then pay over the balance. Nor could there have been, for he is not alleged to have been her attorney or that she contemplated that he should be. He alleges distinctly that she promised "that she would pay him for such services 20 per cent. *of the results obtained by her under the provisions in her behalf of said deed of trust.*" I think at best there was a common-law contract as to the validity of which, in the eye of the law, there may be doubt. I am of the opinion that the action in equity here set up will not lie; that plain-

tiff must first obtain a judgment in a common-law action, when he might maintain appropriate proceedings in aid of execution.

It follows, therefore, as the order appealed from was not founded upon a verified complaint showing a sufficient cause of action against the defendants to be served, it must be reversed, with $10 costs and disbursements, and the motion to vacate granted with $10 costs. All concur.