Ernesto Begni Del Piatta, Respondent, *v.* Pablo Mendoza, Appellant.

First Department, March 11, 1921.

Process — service of summons by publication — order for publication may be granted in action for money only against non-resident though warrant of attachment not levied — Code of Civil Procedure, sections 438 and 439, as amended by Laws of 1920, chapter 478, construed — affidavits in support of warrant of attachment showing cause of action for anticipatory breach of contract.

In an action against a non-resident to recover a sum of money only, an order for service of summons by publication may be granted though a warrant of attachment has not been levied upon property of the defendant within the State.

The effect of the amendment to sections 438 and 439 of the Code of Civil Procedure by chapter 478 of the Laws of 1920 is to add to the class of cases wherein an order of publication may be made, as set forth in the seven subdivisions of section 438, a new class, namely, an action for a sum of money only, where a warrant of attachment granted in the action has been levied upon property of the defendant within this State, and the amendment was not intended to limit or restrict the rights conferred by subdivision 1 of section 438 of the Code of Civil Procedure, as to the obtaining of an order for publication where the defendant is a non-resident of the State.

Additional affidavits submitted in support of the second cause of action set forth in the complaint met any infirmity in those originally submitted and show an anticipatory breach of contract by the defendant, and a repudiation by him of the agreement, which is actionable.

Appeal by the defendant, Pablo Mendoza, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of January, 1921, denying defendant's motion to vacate an order directing the service of the summons herein by publication, and to vacate the warrant of attachment granted herein or in the alternative to modify the same.

*Forsyth Wickes* [*Nathan F. George* of counsel], for the appellant.

*Benoni Lockwood* [*Henry F. Herbermann* of counsel], for the respondent.

DOWLING, J.:

This action was brought to recover the amount of $8,100 upon two causes of action based upon contracts alleged to have been made by defendant on June 4, 1920, whereby he was to pay plaintiff the sum of $2,900 and $6,200, respectively, for the preparation, modelling, sculpturing and delivery of certain figures in cement and in bronze.

On December 10, 1920, a warrant of attachment was obtained against the property of the defendant upon the grounds that the action was brought to recover a sum of money only as damages for breach of contract, express or implied, other than a contract to marry, and that defendant was a non-resident of the State of New York, residing at Havana, Cuba. On the same day an order was made for service of the summons herein by publication, upon the ground that defendant was a non-resident of this State and was then actually in Cuba.

The defendant has appeared specially and moved to vacate both these orders.

The motion to vacate the order of publication is made upon the ground that the moving papers on which it was granted failed to show that a warrant of attachment, granted in the action, had been levied upon the property of the defendant within the State of New York. This contention is based upon the amendments made to the Code of Civil Procedure by chapter 478 of the Laws of 1920. Thereby section 438, providing for the cases wherein an order for service of summons by publication might be made, was amended as to subdivision 5 so as to read as follows:

" 5. Where the complaint demands judgment, that the defendant be excluded from a vested or contingent interest in or lien upon, specific real or personal property within the State; or that such an interest or lien in favor of either party be enforced, regulated, defined, or limited; or otherwise affecting the title to such property; *or where it appears by affidavit that a warrant of attachment, granted in the action, has been levied upon property of the defendant within the State.*" (The matter added to the original subdivision is that italicized.)

By the same chapter, section 439 of the Code, relating to the papers upon which an order for publication may be made, was amended so as to read as follows:

" The order must be founded upon a verified complaint, showing a sufficient cause of action against the defendant to be served, *or upon a verified complaint to recover a sum of money only and proof by affidavit that a warrant of attachment, granted in the action, has been levied upon property of the defendant within the State,* and proof by affidavit of the additional facts required by the last section; and also, where the application is made upon the ground that the defendant is a foreign corporation, or not a resident of the State, or in a case specified in subdivision fourth, fifth, or seventh of the last section, that the plaintiff has been or will be unable, with due diligence, to make personal service of the summons." (Here also the new matter is that which is italicized.)

It will be seen that the effect of these amendments is to add to the class of cases wherein an order of publication may be made, as set forth in the seven subdivisions of section 438, a new class, viz., an action for a sum of money only, where a warrant of attachment granted in the action has been levied upor property of the defendant within this State. This situation is similar to that of the other cases provided for by the section, in that property belonging to the defendant is situated within the State and subject to the jurisdiction of the court to render its judgment effective, as the other cases enumerated relate to real or personal property within the State, and the determination of an interest in, a lien upon, or the title thereto. In the case at bar the action is one to recover a sum of money only, but no warrant of attachment, granted in the action, had been levied upon property of the defendant within the State when the application for the order of publication had been made and, therefore, the provisions of subdivision 5 of section 438 had not been complied with. It is the contention of the appellant herein that the provisions of this subdivision are exclusive and that where the action is one for a sum of money only this subdivision alone is applicable. I do not believe that this contention is well founded. Under subdivision 1 of section 438, which has not been amended since 1913, an order of publication is authorized where the defendant to be served is a foreign corporation or an unincorporated association consisting of seven or more persons, having a president and treasurer, neither of whom is a resident of this State,

or a domestic corporation where service cannot be made within the State upon the president or other specified officials thereof, or " being a natural person, is not a resident of the State, " or where after diligent inquiry the defendant remains unknown to the plaintiff or the plaintiff is unable to ascertain whether the defendant is or is not a resident of the State. So, also, there has been no amendment of subdivisions 2 and 3 relative respectively to residents who have departed from the State with intent to defraud their creditors or with intent to avoid service of the summons or are keeping themselves concealed therein with like intent, or where the defendant being a resident of the State and an adult has remained continuously without the State for more than six months and has made no designation of a person upon whom the service of a summons in his behalf may be made, or where such designation no longer remains in force, or where the service upon the person designated cannot be made. (See Laws of 1899, chap. 301; Laws of 1909, chap. 492; Laws of 1913, chap. 179; Laws of 1914, chap. 346.) The argument advanced by the appellant herein would render impossible the obtaining of an order of service by publication in these specified cases if the action was one for a sum of money only, unless a warrant of attachment had first been issued and property within the State levied upon thereunder. I find no legislative expression of any such intent. The amendment does not undertake to reduce or limit the classes of cases in which an order of publication may be made, but adds a new class thereto, which is that where the action is one to recover a sum of money only and levy has been made under warrant of attachment within the State, the right of service by publication is granted, irrespective of whether the defendant is or is not a resident of the State; the only limitation thereon is that contained in section 439, that the plaintiff must show that he has been or will be unable with due diligence to make personal service of the summons, which provision also applies to an application for the order under the 1st subdivision of section 438. The cases in which an order for service by publication and a warrant of attachment may be obtained are not identical. Thus, under section 636, subdivision 2, of the Code of Civil Procedure, a warrant of attachment may be obtained where the

defendant is a natural person or a domestic corporation and has removed or is about to remove property from the State with intent to defraud his or its creditors, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, property with a like intent; or where for the purpose of procuring credit or the extension of credit, the defendant has made a false statement in writing under his own hand or signature, or under the hand or signature of a duly authorized agent, made with his knowledge and acquiescence, as to his financial ability or standing. Prior to the amendment in question, while an attachment could be granted upon the grounds just enumerated, they furnished no basis for the granting of an order of publication. Under section 638 of the Code of Civil Procedure personal service of the summons must be made upon the defendant within thirty days after the granting of the warrant, or publication of the summons must be commenced, pursuant to an order, within that time. The reasonable construction of the amendment made by chapter 478 of the Laws of 1920 is that it was intended to extend the right to publish the summons to such cases as those heretofore enumerated, wherein a warrant of attachment might be issued but which would be ineffective if property was levied upon thereunder and personal service could not be made within thirty days, since under the prior state of the statute an order of publication could not be made in such cases; and, therefore, if personal service could not be made within the thirty days the remedy given by the attachment would be of no avail.

My conclusion is that the amendment in question was not intended to, and did not in fact, limit or restrict the right conferred by subdivision 1 of section 438, as to the obtaining of an order of publication where the defendant was a non-resident of this State, and that conclusion is confirmed by the language of section 439, as amended, which clearly differentiates between applications made for an order of publication upon the ground of non-residence and those made in the cases specified in subdivisions 4, 5 and 7 of section 438, which includes the subdivision under consideration. In all of these cases the requirement is similar, that plaintiff must show that he has been or will be unable with due diligence to make personal service of the summons, but the differentiation between these cases shows that

they are all still deemed to be effective and applicable. It follows, therefore, that plaintiff's application for the order for service of the summons by publication having been duly made under subdivision 1 of section 438, and it appearing that the defendant was not a resident of the State and could not with due diligence be personally served therein, the order was properly granted and should be affirmed.

Having reached the conclusion that the order of publication was valid, it follows that the warrant of attachment should not be vacated upon the ground assigned therefor by the appellant, namely, that no valid order of publication had been made within thirty days after the granting of the warrant.

As to the defendant's contention that the second cause of action set forth in the complaint is insufficiently supported by the affidavits submitted in support of the warrant, I am of the opinion that the additional affidavits have met any infirmity in those originally submitted and show an anticipatory breach of contract by the defendant, and a repudiation by him of the agreement, which is actionable. (*Thomas* v. *Gage,* 156 N. Y. 612.)

The order appealed from is, therefore, affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.