ALFRED J. RICH and Another, Composing the Firm of A. J. RICH & Co., Respondents, *v.* GAMALIEL C. ST. JOHN, Appellant.

First Department, April 6, 1923.

Process — action against non-resident to recover broker's commission — motion to vacate order for service of summons and complaint by publication — warrant of attachment not issued and lien not sought to be enforced upon property in this State — possibility of discovering attachable property not ground for refusing to set aside order — order should not be made unless there is property of non-resident in State at time of motion — fact that cause arose in this State on contract made here does not alone authorize service by publication — defendant has right to move to set aside order though court could not have entered judgment.

An order for the service of a summons and complaint by publication upon a non-resident defendant in an action to recover broker's commission should be set aside on motion by the defendant where no warrant of attachment was

issued in the action and the plaintiff does not seek to impress a lien upon any property within this State.

The possibility of discovering attachable property within this State before the entry of judgment is not a valid ground for refusing to set aside the order, for there must be property of the non-resident within this State at the time the court asserts its jurisdiction over the non-resident defendant and that is at the time the order for substituted service is made.

Though the complaint states a cause of action which arose within this State on a contract made here and such cause of action is within section 232 of the Civil Practice Act, that alone does not authorize the service of the summons by publication.

The defendant had the right to move to vacate the order and set aside the service though the court could not have entered judgment.

DOWLING, J., dissents.

APPEAL by the defendant, Gamaliel C. St. John, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of November, 1922, denying his motion to vacate an order for the service of the summons and complaint by publication.

*White & Case* [*Allen McCarty* of counsel], for the appellant.

*Arnold Gross* of counsel [*Nelson K. Scherer* with him on the brief], for the respondents.

PAGE, J.:

The action is to recover a broker's commission on the sale of shares of stock. The defendant is a resident of the State of Connecticut. No warrant of attachment had been issued, nor is it sought to impress a lien upon any property within this State. The action is simply to recover a personal judgment for a sum of money only. The sole reason given for the granting of the order is that the defendant is a non-resident of the State and cannot with due diligence be found therein.

It is well-settled law that a State, having within her territory property of a non-resident, may hold and appropriate it to satisfy the claims of her citizens against him; and her tribunals may inquire into his obligations to the extent necessary to control the disposition of that property. If he has no property within the State, there is nothing upon which her tribunals can adjudicate. Except in cases affecting the personal status of the plaintiff, and in those wherein that mode of service has been assented to in advance, the substituted service of process by publication, allowed by the statute of a State where actions are brought against non-residents, is effectual only where, in connection with process against the person, property in the State is brought under the control of the court and is subjected to its jurisdiction, or where judgment is sought as a means of reaching such property, or affecting some

interest therein; in other words, where the action is in the nature of a proceeding *in rem.* Where the action is brought to determine the defendant's personal rights and obligations, that is, where it is merely *in personam* and no property is brought under the control of the court by seizure under a warrant of attachment, substituted service by publication is ineffectual for any purpose. (*Pennoyer* v. *Neff*, 95 U. S. 714.)

The respondents contend that it is not now proper to set aside ·the order of publication, since it may be made effective by a later discovery of property of defendant upon which a levy may be made; and this was the reason given by the learned justice at Special Term for his decision. In *Helme* v. *Buckelew* (229 N. Y. 363, 371) the court said: "The argument is pressed that the *res* need not be here at the inception of the suit; if there is nothing here to-day, there may be something here to-morrow; an action at law will lie, it is said, to procure a judgment enforcible against any property that may be discovered in the future. * * * Such a construction would leave outstanding, as a difficulty still to be overcome, the point of constitutional power. If possession of the *res* is the foundation of jurisdiction, that possession must be acquired when jurisdiction is assumed [*Riverside & D. River C. Mills* v. *Menefee*, 237 U. S. 189; *Bryan* v. *University Pub. Co.*, 112 N. Y. 382; *Paget* v. *Stevens*, 143 N. Y. 172; *Holmes* v. *Bell*, 139 App. Div. 455, 461; *Chesley* v. *Morton*, 9 App. Div. 461.]"

There must be property of the non-resident within the State at the time the court asserted its jurisdiction over the non-resident defendant, and that was at the time the order for substituted service was made. (*Hodgens* v. *Columbia Trust Co.*, 185 App. Div. 555, 559; *Freeman* v. *Alderson*, 119 U. S. 185, 188; *Logan* v. *Greenwich Trust Co.*, 144 App. Div. 372; affd., on opinion below, 203 N. Y. 611; *German-American Coffee Co.* v. *Johnston, No. 1*, 168 App. Div. 31, 35.) It is contended that the complaint shows a sufficient cause of action against the defendant, and, therefore, the case is within section 232 of the Civil Practice Act. This provision of the Civil Practice Act is a re-enactment of section 439 of the Code of Civil Procedure without change of substance. It was held under the latter section: "That condition stands in the place of the special cases enumerated in the former Code and can require nothing less, for, unless a cause of action arises within the State, or the defendant has property therein, *and the court has jurisdiction over the subject of the action*, neither the person nor property of a defendant could be affected by any judgment the court might render. He could neither be punished for contempt in failing to obey its order, nor his estate be sold by reason of it.

The jurisdiction of the court is limited by the boundaries of the State, and its process could not go beyond them." (*Bryan* v. *University Pub. Co. of N. Y.*, 112 N. Y. 382, 386.) (Italicization mine.) Further, the plaintiffs claim that it appears from the affidavits that the contract was made in this State, and that the cause of action arose within the State, and, therefore, the court had jurisdiction of the cause. In *Meyer* v. *Sachs Manufacturing Co., Inc.* (200 App. Div. 458) we said: "Undoubtedly, the fact that the contract out of which the cause of action arose was made within this State is a circumstance which, in connection with other facts, would tend to sustain jurisdiction, but it is not a controlling factor." And we held that the summons served on an officer of the foreign corporation defendant, temporarily within the State, did not give the court jurisdiction.

The plaintiffs further rely upon the case of *Del Piatta* v. *Mendoza* (195 App. Div. 833). In that case, however, a warrant of attachment had been issued, and section 825 of the Civil Practice Act* provides that "From the time of the granting of a provisional remedy, the court acquires jurisdiction and has control of all the subsequent proceedings. Nevertheless, jurisdiction thus acquired is conditional, and liable to be divested in a case where the jurisdiction of the court is made dependent by a special provision of law upon some act to be done after the granting of the provisional remedy." And section 905 of the Civil Practice Act (formerly a portion of section 638 of the Code of Civil Procedure) provides: "If the warrant be granted before the summons is served, personal service of the summons must be made upon the defendant against whose property the warrant is granted, within thirty days after the granting thereof; or else before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the State, pursuant to an order obtained therefor  *  *  *." And section 493 of the Civil Practice Act† provides that the court shall not render a judgment of default for a sum of money only, in those actions where an attachment is allowed, where the defendant is a non-resident and has not appeared, unless the plaintiff shall file proof that a warrant of attachment, granted in the action, has been levied upon the property of the defendant. (See, also, Rules Civ. Prac. rule 192; Civ. Prac. Act, § 902.‡) The court, therefore, acquired a conditional jurisdiction, and sections 825 and 905 of the Civil Practice Act (*supra*) show that it was contemplated that granting of the warrant might be either

---

* Formerly Code Civ. Proc. § 416.— [REP.

† Formerly Code Civ. Proc. §§ 1216, 1217.— [REP.

‡ Formerly Code Civ. Proc. § 635.— [REP.

before or after the service of the summons. If issued at the time of the service of the summons, proof of its levy could not be made in obtaining the warrant. The motion in the *Del Piatta* case was made upon the papers upon which the order for publication of the summons and the warrant of attachment were granted. The order and the warrant were dated on the same day. *Non constat* that the warrant may have been levied on the defendant's property within this State the next day after it was issued. Where a motion is made to vacate an order upon the papers upon which it was issued, the test is whether the papers are hopelessly bad. Every fair presumption must be indulged in favor of the order. (*Jones* v. *Hygienic Soap Granulator Co.*, 110 App. Div. 331.) If property had been attached before the motion was made, the court had acquired jurisdiction to the extent of that property. The defendant should have proved that no levy had been made. The *Del Piatta* case decided only that the former practice of allowing a warrant of attachment to be issued contemporaneously with the summons had not been changed by the amendments to sections 438 and 439 of the Code of Civil Procedure.* In the instant case no warrant of attachment had been issued, and the court had not acquired even a conditional jurisdiction.

It is further urged that no judgment can be entered until property has been attached, and, therefore, the defendant is not required to appear prior to the time that an attachment was levied upon his property. This argument is sufficiently answered when we consider that jurisdiction is the power to hear and determine the controversy. If the court cannot enter judgment, " the impropriety of issuing an order which, if it leads to a judgment, ' would operate on nothing in the State and be regarded by nobody out of it,' becomes apparent. It offends every principle by which the jurisdiction of a court can be vindicated, and should not be allowed to stand." (*Bryan* v. *University Pub. Co. of N. Y.*, *supra*, 388.)

Of course the defendant could ignore the service, but he was not required to. He is entitled to move to vacate the order and set aside the service, and whenever the jurisdiction of the court is questioned, it should be determined.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., and MERRELL, J., concur; DOWLING, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

---

* Now Civ. Prac. Act, § 232.— [REP.