KALMAN KARCHMAN, Plaintiff, *v.* FANNIE KARCHMAN, Otherwise Known as FANNIE KATZMAN, Defendant.

Supreme Court, Washington County, February 15, 1928.

**Process — service by publication — default judgment — motion to set aside judgment, order of publication and sale on ground that defendant's property was not attached prior to order, that moving papers were defective, and that publication was not properly made — attachment not necessary since order was made on ground of inability to locate defendant (Civ. Prac. Act, § 232, subd. 1) — affidavit establishes inability to find defendant — publication in " The Hudson Falls Herald " complies with order to publish in " Herald," newspaper published in town in which Hudson Falls is situated — publication commencing March fourth and ending April eighth is sufficient — defendant may, under Civil Practice Act, § 217, apply for leave to defend.**

This is a motion to set aside an order for the publication of the summons, the default judgment entered thereon, and a sale of defendant's property on execution on the judgment. The grounds for the motion are that the defendant's property was not attached before the order for publication was made, that the affidavits are fatally defective, and that publication was not made as required by law. Since the plaintiff did not ask for an order for publication on the ground that the defendant was a non-resident, but under subdivision 1 of section 232 of the Civil Practice Act, on the ground that the plaintiff was unable after diligent effort to find the defendant and serve her, it was not necessary that defendant's property be attached before the order for publication was granted.

It appears that the defendant, the wife of the plaintiff, left the plaintiff in the spring of 1925 and that the plaintiff procured a divorce from her in the fall of that year and that this action was commenced in the spring of 1926. Under these circumstances defendant's affidavit that when she left defendant she went to Baltimore, Md., to reside and still resides there is not sufficient to show that at the time the order was made the defendant was a *bona fide* resident of Maryland.

The affidavits by the plaintiff on which the order for publication was granted, while inartificially drawn, are sufficient to show that the plaintiff was unable to find the defendant after due and diligent search for her and that he was, therefore, unable to make personal service on her.

The order for publication which provided for the publication of the summons in two newspapers one of which was designated as the *Herald* published in the town of Kingsbury, Washington county, N. Y., was sufficiently complied with by publication in the other paper and by publication in " The Hudson Falls *Herald* " which is published at Hudson Falls in the town of Kingsbury, since there is no other paper in said town known by the name *Herald.*

Publication commencing on March fourth and ending on April eighth, the summons having been published in each paper once in each successive week for six weeks, was sufficient.

The defendant may still move, under section 217 of the Civil Practice Act, for leave to defend.

MOTION by defendant to vacate and set aside judgment, order for service of summons by publication, and sheriff's sale on execution, upon jurisdictional grounds.

*J. Edward Singleton,* for the plaintiff.

*J. B. McCormick,* appearing specially as attorney for the defendant on motion.

BREWSTER, J. This action was commenced March 1, 1926, by issuance of a summons accompanied by a verified complaint which, in effect, stated two causes of action for the recovery of a money judgment only on account of moneys of the plaintiff had and received by the defendant.

Service of the summons upon defendant was made by publication pursuant to an order of the county judge of Washington county granted March 2, 1926. Defendant made no appearance whatever in said action and on May 3, 1926, judgment in favor of the plaintiff and against defendant was entered in the Washington county clerk's office in the sum of $3,222.23, pursuant to an order of this court made at Special Term at Glens Falls, N. Y., on said day, on plaintiff's application for judgment by default. On March thirteenth following, an execution issued upon said judgment under which defendant's title and interest in certain real property in Washington county was seized and, on July 14, 1926, sold to plaintiff, followed, after fifteen months, by a sheriff's deed to plaintiff recorded in the Washington county clerk's office about November 17, 1927.

The defendant now moves to vacate and set aside the aforesaid judgment, the order for the service of the summons by publication and the sheriff's sale on execution, upon the jurisdictional grounds: (a) That no seizure of defendant's said property within the State was made by warrant of attachment or otherwise until the sheriff's levy by virtue of the execution issued upon the judgment; (b) that the moving affidavits upon which the order for the service of the summons on defendant by publication was based, were fatally defective in their recital of facts; (c) that the publication of the summons was not made pursuant to law.

It is, of course, well established that in an action for a money judgment only against a non-resident defendant seizure of the defendant's property within the State by warrant of attachment is a prerequisite to the acquisition of jurisdiction, and that without such seizure no valid order for the service of the summons by publication may be made or judgment by default rendered on application to the court. (Civ. Prac. Act, § 232, subd. 8; Id. § 493, subd. 2; *Dimmerling* v. *Andrews,* 236 N. Y. 43; *Rich* v. *St. John,* 205 App. Div. 24.)

Supreme Court, February, 1928.　　　　　[Vol. 131

But it is evident that the plaintiff here did not proceed upon the premise that defendant was a non-resident. There is nothing in the affidavits upon which the order of publication was based alleging or showing non-residence. On the contrary, in one of these affidavits, that of the plaintiff verified March 1, 1926, after the positive statement that defendant " * * * absconded from the home of the plaintiff about May 1, 1925," there follows a recital of facts showing the impossibility of effecting personal service within the State which is concluded by the statement that the plaintiff " * * * has been unable to obtain any information as to her present address or whereabouts, and that deponent does not know if she resides in the State of New York or where she resides." It is thus evident that plaintiff proceeded upon the grounds of his inability to ascertain whether defendant was or was not a resident of the State. This was sanctioned. (Civ. Prac. Act, § 232, subd. 1.) Having thus proceeded, if subsequent developments establish that defendant was in fact a non-resident of the State at the time the order of publication was made, and not a resident temporarily absent therefrom, it seems that defendant might then successfully establish lack of jurisdiction for the reason that there had been no seizure of her property within the State by a warrant of attachment. However, the fact that defendant was a non-resident of the State when, on March 2, 1926, the order of publication was granted or at any subsequent time, is not established. Defendant's affidavit on this motion, among other things, states in substance that she married plaintiff about nineteen years ago and thereafter lived with him as his wife in the State of New York until about May 1, 1925, when she separated from her husband while residing at Granville, N. Y., and that she then went to the city of Baltimore, Md., " to reside and still resides there." When, if at all, she became a non-resident of the State of New York as the term non-residence is applied to the requirement of acquisition of jurisdiction by seizure of property and service of process of publication, does not appear.

The moving papers here show further that, after separating from the plaintiff, her then husband, on or about May 1, 1925, during the following fall he procured an absolute divorce from her. It is, therefore, highly questionable whether, until after the marriage had been dissolved, it was possible for her to have effected a valid change of legal residence even if we assume an intent on her part so to do accompanied by requisite acts that otherwise would have effectuated it. (19 C. J. p. 414, § 33; *McGown* v. *McGown*, 18 Misc. 708; affd., 19 App. Div. 368; affd., 164 N. Y. 558.) In the few months that thereafter elapsed prior to the institution of this action and the

rendition of judgment the mere statement that during said time she was residing in Baltimore, to my mind, fails to establish the fact that she had effectually changed her status as a citizen of New York State and become a non-resident thereof in the sense that the courts of this State could only acquire jurisdiction over her by a proceeding *in rem*. (*Nichols* v. *Howell*, 116 Misc. 340, 345, 346.)

I am also unable to agree with the contention of defendant that the moving papers upon which the order for the service of the summons by publication was granted were so insufficient as to render the order void. In that connection defendant asserts a fatal insufficiency of statement of facts showing the impossibility of making personal service upon the exercise of due diligence. In his affidavit for the order of publication, plaintiff affirmed to the effect that the defendant while then his wife deserted him, left their home, ran away with another man on a designated day and subsequently wrote him stating she would never return and that search for her would be unsuccessful; and then followed the further inartificially phrased and irregularly expressed deposition to the effect that he had been unable to obtain any information as to her whereabouts after diligent inquiry therefor of all her relatives likely to possess such information. In my opinion those affirmations, considered in connection with the further matters set forth in said moving papers, were sufficient to validate the order.

The order of publication in question provided for the publication of the summons in two newspapers, one of which was designated in the order as the *Herald*, a newspaper published in the town of Kingsbury, county of Washington, N. Y. The proof shows this publication to have been made in a newspaper called " The Hudson Falls *Herald*," published at Hudson Falls which is in the said town of Kingsbury. Nothing is presented showing the existence of any newspaper published in said town by the name of *Herald*, and consequently I am obliged to hold that the discrepancy in these names was due wholly to an inadvertent misnomer of the paper thus intended in the order of publication and thus that it was a mere irregularity and mistake susceptible of later correction (*Mishkind-Feinberg Realty Co.* v. *Sidorsky*, 189 N. Y. 402), and accordingly does not vitiate the order or the subsequent proceedings had.

The proof shows that the publication of the summons in both newspapers began March fourth and terminated on April 8, 1926, having been published in each of said papers once in each successive week for six weeks. Under our present practice this was sufficient. (*Brooks* v. *Brooks*, 190 App. Div. 564.)

30

In reaching the conclusions above expressed I have been much concerned over defendant's claim set forth in her moving papers as to the demerits of the plaintiff's alleged cause against her which she apparently had no opportunity of defending. The questions before me being strictly of a procedural nature precludes my notice of her complaint on that score but anxiety is relieved in that she yet has an opportunity to apply for leave to defend under section 217 of the Civil Practice Act and, if injustice has been done her, redress afforded.

Motion denied, with costs. Submit order.