ARTHUR L. PEIRSON and Others, Plaintiffs, v. LLOYDS FIRST MORTGAGE COMPANY, Defendant. In the Matter of the Application of J. IRVING WEISSMAN for an Order Determining the Amount of and Enforcing His Attorney's Lien against the Judgment and the Proceeds Thereof Obtained by Him as Attorney, in Favor of the Plaintiffs in the Case of ARTHUR L. PEIRSON and Others, as Trustees, against LLOYDS FIRST MORTGAGE COMPANY, Defendant, Which Judgment was Entered with the Clerk of the County of Kings on the 30th Day of November, 1932. GREATER NEW YORK EXPORT HOUSE, INC., and THOMAS McKINIRY, as Receiver in Supplementary Proceedings of the Goods, Chattels and Credits of the Plaintiffs, Intervenors, Appellants, and J. IRVING WEISSMAN and Others, Respondents.— Resettled order directing distribution of moneys on deposit with the chamberlain of the city of New York modified by striking therefrom the direction to the chamberlain to pay to Weissman & Rapps the sum of $5,000, and as so modified affirmed, without costs. In our opinion this claim does not represent an equitable assignment of the judgment moneys on deposit, and Weissman & Rapps as well as appellants are remitted to an action to determine their respective rights in and to this $5,000 fund. The record here does not satisfactorily establish the zealousness and good faith essential on the part of the trustees to preserve assets; nor is there any proof of the nature and extent of the services rendered for which the trustees contracted to pay $5,000. The contract, in failing to describe the payment as a lien and to direct its segregation from the balance of the fund, and in merely directing payment therefrom, does not in itself warrant the creation of an assignment of an equitable nature (*Williams* v. *Ingersoll*, 89 N. Y. 508, 518, 519; *Holmes* v. *Bell*, 139 App. Div. 455; *McAvoy* v. *Schramme*, 219 id. 604), and in view of the attendant circumstances we do not believe that such a construction of the contract is correct. The order appealed from provides that the chamberlain shall retain the moneys in his hands after making the payments directed to be made by the order, and we continue that provision in the order, in so far as concerns the $5,000 fund, until the further order of the court. The appeal from the order dated August 14, 1933, is dismissed. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.